UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN MANGASARYAN,<br><br>         Petitioner<br><br>   v.<br><br>CLARK E. DUCART,<br><br>         Respondent. | Case No. CV 15-3340-DMG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and First Amended Petition and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In his Objections, Petitioner – who is represented by counsel – has made new assertions and attached documents not previously presented in this action or in connection with the issues addressed by the Report. A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

The Court has exercised its discretion to consider these new assertions and new evidence, but concludes that they do not affect or alter the analysis and conclusions set forth in the Report.

Petitioner's attempt to distinguish the Supreme Court's decision in *Evans v. Chavis*, 126 S. Ct. 846 (2006), is frivolous. His argument ignores both the Supreme Court's actual reasoning and conclusions (*see id.* at 849-51) and the substantial Ninth Circuit precedent applying *Chavis* (*see* Report at 7-8).

Petitioner's assertion that he has demonstrated egregious attorney misconduct and, thus, is entitled to equitable tolling also fails. Significantly, Petitioner overlooks that the evidence he belatedly proffers demonstrates that his limitations period expired *before* Attorney Oliver was retained by Petitioner to pursue habeas relief in the California Supreme Court. Attorney Oliver's two-week vacation *after* Petitioner's limitations period already had expired, thus, cannot satisfy the causation element of equitable tolling (and in any event, does not constitute egregious attorney negligence). If the belatedly proffered evidence is construed liberally in Petitioner's favor, it shows, at most, that Petitioner and his sister may have misunderstood the advice they received and/or that Attorney Oliver may have been mistaken about what statutory tolling would be available and the interplay of such tolling with the federal statute of limitations. These circumstances, if credited as true, constitute ordinary negligence at the most; they do not rise to the level of attorney misconduct that is egregious and which has been held to constitute an extraordinary circumstance for purposes of the equitable tolling doctrine. *See, e.g., Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (attorney's erroneous advice to client regarding the date his limitations period ended held not to constitute an extraordinary circumstance); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney's miscalculation of the limitations period and negligence in general held not to warrant equitable tolling, because a lawyer's mistake is not an extraordinary circumstance); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007)

1    ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling,
2    particularly in the postconviction context").
3      Having completed its review, the Court accepts the findings and
4    recommendations set forth in the Report.  Accordingly, **IT IS ORDERED** that: (1)
5    Respondent's motion to dismiss filed on November 14, 2015 is GRANTED; and (2)
6    this action is dismissed with prejudice as untimely.
7      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

9    DATED: July 29, 2016        _____
                                    DOLLY M. GEE
                                    UNITED STATES DISTRICT JUDGE